FILED

12 MAR -1 AM 11:41

ROBERT H. TRGOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD GRANGER AND
TERESIA RICHARD,

      Plaintiffs,

v.

NORTHSTAR LOCATION SERVICES,
LLC,

      Defendant.

Case No. 3:12CV0108

Judge RLM

**COMPLAINT**

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, DONALD GRANGER ("Granger"), is a natural person who at all

1

relevant times resided in the State of Indiana, County of St. Joseph, and City of Walkerton.

5. Plaintiff, TERESIA RICHARD ("Richard"), is a natural person who at all relevant times resided in the State of Indiana, County of St. Joseph, and City of Walkerton.

6. Plaintiff Donald Granger a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant, NORTHSTAR LOCATION SERVICES, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff Donald Granger, as defined by 15 U.S.C. §1692a(5).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff Donald Granger is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff Granger's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff Granger incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a

business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff Teresia Richard's cellular telephone number, in effort to collect from Plaintiff Granger an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff Richard's cellular telephone number, in effort to collect from Plaintiff Granger an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14. In connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff Richard's, a third party, cellular telephone on October 5, 2011 at 1:55 P.M. using an automatic dialing system without the express permission of Plaintiff Richard, and at such time, Plaintiff Richard failed to answer the call and Defendant failed to leave a voicemail message.

15. On October 5, 2011 at 1:59 P.M., Defendant placed a non-emergency call to Plaintiff Richard's, the same third party, cellular telephone, using an automatic dialing system without the express permission of Plaintiff Richard, and at such time, Defendant told Plaintiff Richard that its information indicated that she had the same address as Plaintiff Granger.

16. During its conversation with Plaintiff Richard, a third party, on October 5, 2011, Defendant requested that Plaintiff Richard have Plaintiff Granger call Defendant.

17. In response, Plaintiff Richard informed Defendant that she had nothing to do with Plaintiff Granger's financial situation, and asked Defendant how it had obtained her personal contact information, and at such point, Defendant terminated the call.

18. Defendant failed to state to Plaintiff Richard, a third party, that the purpose for Defendant's call was to confirm or correct Plaintiff Granger's location information at any point during the conversation on October 5, 2011.

19. Despite possessing Plaintiff Granger's location information, Defendant placed a call to Plaintiff Richard's, a third party, place of employment on October 7, 2011, and at such time, left the following voicemail message:

> "Hi, Terri Richard. This is Cornia Van Camp with Northstar Location Services. It's very important that I get in touch with Donald Granger, and return my calls to 1-866-328-8252 extension 2063. Thank you."

20. During its voicemail message to Plaintiff Richard, a third party, of October 7, 2011, Defendant failed to state that the call was made for the purpose of confirming or correcting location information about a Plaintiff Granger.

21. During its voicemail message to Plaintiff Richard, a third party, of October 7, 2011, Defendant provided the identity of Defendant to Plaintiff Richard without such information being expressly requested.

22. Despite possessing Plaintiff Granger's location information, Defendant placed a non-emergency call to Plaintiff Richard's, a third party, cellular telephone, using

an automatic dialing system without the express permission of Plaintiff Richard, on October 11, 2011 at 1:18 P.M., and at such time, Plaintiff Richard failed to answer and Defendant failed to leave a voicemail message.

23. Despite possessing Plaintiff Granger's location information, Defendant placed a call to Plaintiff Richard's, a third party, place of employment on October 11, 2011 at 1:20 P.M., and at such time, left the following voicemail message:

> "Hi Terri Richard. This is Cornia Van Camp with Northstar Location Services. It's very important that I get in touch with Donald Granger, and return my calls to 1-866-328-8252 extension 2063. Thank you."

24. During its voicemail message to Plaintiff Richard, a third party, of October 11, 2011, Defendant failed to state that the call was made for the purpose of confirming or correcting location information about a Plaintiff Granger.

25. During its voicemail message to Plaintiff Richard, a third party, of October 11, 2011, Defendant provided the identity of Defendant to Plaintiff Richard without such information being expressly requested.

26. Defendant willfully and knowingly placed multiple non-emergency calls to Plaintiff Richard's cellular telephone, without the prior express consent of Plaintiff Richard, using an automatic telephone dialing system on, including but not limited to, the following dates and time:

- October 5, 2011 at 1:55 P.M.
- October 5, 2011 at 1:59 P.M.
- October 11, 2011 at 1:18 P.M.

27. As a result of Defendant placing repeated calls to Plaintiff Richard's place of employment despite having Plaintiff Granger's current location information, Plaintiff Richard was discipline by her employer for violating its policy on personal calls.

28. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1) AGAINST PLAINTIFF GRANGER

29. Plaintiffs repeat and re-allege each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692b(1) by contacting Plaintiff Teresia Richard, a third party, and failing to state that the call was made for the purpose of confirming or correcting location information about the consumer, Plaintiff Donald Granger.

31. Defendant violated 15 U.S.C. § 1692b(1) by providing the identity of Defendant to Plaintiff Richard, a third party, without such information being expressly requested.

WHEREFORE, Plaintiff Granger prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

   b) Awarding Plaintiff Donald Granger statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff Granger actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff Granger reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff Granger any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(1) AGAINST PLAINTIFF RICHARD

32.  Plaintiffs repeat and re-allege each and every allegation contained above in paragraphs 1 through 28.

33.  Defendant violated 15 U.S.C. § 1692b(1) by contacting Plaintiff Teresia Richard, a third party, and failing to state that the call was made for the purpose of confirming or correcting location information about the consumer, Plaintiff Donald Granger.

34.  Defendant violated 15 U.S.C. § 1692b(1) by providing the identity of Defendant to Plaintiff Richard, a third party, without such information being expressly requested.

WHEREFORE, Plaintiff Richard prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff Teresia Richard statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff Richard actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff Richard reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff Richard any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692b(3) AGAINST PLAINTIFF GRANGER

35. Plaintiffs repeat and re-allege each and every allegation contained above in paragraphs 1 through 28.

36. Defendant violated 15 U.S.C. § 1692b(3) by communicating with a single third party, Plaintiff Teresia Richard, more than once in connection with an attempt to collect an alleged debt from Plaintiff Donald Granger.

WHEREFORE, Plaintiff Granger prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

b) Awarding Plaintiff Donald Granger statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff Granger actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff Granger reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff Granger any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

8

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692b(3) AGAINST PLAINTIFF RICHARD

37.    Plaintiffs repeat and re-allege each and every allegation contained above in paragraphs 1 through 28.

38.    Defendant violated 15 U.S.C. § 1692b(3) by communicating with a single third party, Plaintiff Teresia Richard, more than once in connection with an attempt to collect an alleged debt from Plaintiff Donald Granger.

WHEREFORE, Plaintiff Richard prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

b) Awarding Plaintiff Teresia Richard statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff Richard actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff Richard reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff Richard any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692c(b) AGAINST PLAINTIFF GRANGER

39.    Plaintiffs repeat and re-allege each and every allegation contained above in paragraphs 1 through 28.

40.    Defendant violated 15 U.S.C. § 1692c(b) by without having received the

9

prior consent of Plaintiff Donald Granger or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party, Plaintiff Teresia Richard, other than in the manner prescribed by 15 U.S.C. § 1692b *et seq*.

WHEREFORE, Plaintiff Granger prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff Donald Granger statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff Granger actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff Granger reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff Granger any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692c(b) AGAINST PLAINTIFF RICHARD

41.   Plaintiffs repeat and re-allege each and every allegation contained above in paragraphs 1 through 28.

42.   Defendant violated 15 U.S.C. § 1692c(b) by without having received the prior consent of Plaintiff Donald Granger or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy,

10

communicating with a third party, Plaintiff Teresia Richard, other than in the manner prescribed by 15 U.S.C. § 1692b *et seq*.

WHEREFORE, Plaintiff Richard prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff Teresia Richard statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff Richard actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff Richard reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff Richard any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii) AGAINST PLAINTIFF RICHARD

43. Plaintiff Teresia Richard repeats and re-alleges each and every allegation contained above in paragraphs 1 through 28.

44. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff Teresia Richard's cellular telephone, without the prior express consent of Plaintiff Teresia Richard, using an automatic telephone dialing system.

WHEREFORE, Plaintiff Richard prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff Teresia Richard statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff Teresia Richard statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff Richard actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff Richard reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff Richard any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

45.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 24, 2012

Respectfully submitted,

Marshall S. Meyers
Weisberg & Meyers, LLC
5025 N. Central Ave, #602
Phoenix, AZ 85012
Email: MMeyers@AttorneysForConsumers.com
Telephone: (888) 595-9111 ext. 111
Facsimile: (866) 565-1327 Fax
Attorneys for Plaintiffs

12

## CERTIFICATE OF SERVICE

I certify that on February 24, 2012, I electronically filed the foregoing COMPLAINT with the clerk of the U.S. District Court, Northern District of Indiana, South Bend Division, using the electronic case filing system of the court.

Marshall S. Meyers
Weisberg & Meyers, LLC